Nov. Term, 1848.

MICK
v.
HOWARD.

*J. Ryman*, for the plaintiff.

*G. H. Dunn*, for the defendant.

---

MICK *v.* HOWARD.

A note made payable to partners in their individual names, and assigned by one of the firm in the partnership name, can be given in evidence under the plea of *non-assignment*, in a suit by the assignee, against the maker without further proof that the other partner authorized the assignment.

Saturday,
December 23.

ERROR to the *Fountain* Circuit Court.

SMITH, J.—The record in this case shows, that, upon the trial of the cause which had been commenced before a justice of the peace and appealed to the Circuit Court, the plaintiff gave in evidence a sealed note, filed as the cause of action, made by the defendant in favor of "*J. S. Allen* and *H. H. Hays*," and indorsed "*Allen* and *Hays*." The plaintiff then proved that, at the date of the note, and for about a year after that date, the payees, *Joseph S. Allen* and *Hiram H. Hays*, were partners, who transacted business under the firm-name of "*Allen* and *Hays*," and that the indorsement was in the hand-writing of *Allen*, one of the firm. This being all the evidence given by either party, the plaintiff offered to read the indorsement in evidence; but the Court to whom the cause had been submitted upon several pleas, amongst which was one of "non-assignment" sworn to, refused to permit him to do so, and, as it would appear, for the want of sufficient proof of the assignment, gave judgment for the defendant.

It is contended, by the defendant in error, that, as the note was not made payable to *Allen* and *Hays* by their firm-name, it must be regarded as individual and not partnership property, and, therefore, that there should have been further proof that *Hays* assigned it, or author-

ized its assignment to the plaintiff. We cannot perceive

any good reason for this distinction. A partnership note or bill may be made by one of the partners, signing it "for himself and partners," or by subscribing the several names of the persons composing the firm or the firm-name. Chit. on Bills, 67. So, no doubt, a note may be made payable to partners by inserting their individual names in full, or the firm-name, and, upon the same principle, an assignment by one of the firm, made in either way, would be good. The case of *Jones* v. *Mars*, 2 Campb. N. P. R. was a suit by indorsees against the drawers of a bill of exchange. The declaration stated that the defendants "made their certain bill of exchange in writing, their own proper hands being thereunto subscribed." The bill, when produced, appeared to be drawn in the defendants' firm-name of "*Mars* and *Co.*," and it was held that this was not a variance.

As there appears to have been no other defect in the proof, we think the plaintiff was entitled to a judgment upon the evidence adduced.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Z. Baird*, for the plaintiff.

*B. F. Gregory*, for the defendant.